## T. and G. Forbes *v.* J. and R. Geddes.

*Damages for the wrongful issuance of a provisional seizure for rent, will not be allowed where the seizing creditor acted without malice, and where the circumstances were such as to give probable cause for the seizure.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *J. B. Bemiss,* for plaintiffs. *Wolfe* and *Singleton,* for defendants. The judgment of the court was pronounced by

PRESTON, J. The plaintiffs claim the thousand dollars damages caused them in consequence of a provisional seizure issued by the defendants against their stock of groceries, on the 15th of June, 1849. They allege that there was no foundation for the proceeding, and that their business and credit was injured by it to that amount.

On the 1st of November, 1848, they rented their store from the defendants for one year, for the sum of fourteen hundred dollars, payable monthly. The rent for April and May remained due and unpaid on the 15th of June, although frequently demanded. Fires had occured in their store on the night of the 29th of May and 8th of June, which were the work of incendiaries. This induced them to advertise for sale, at auction, the goods damaged by the fire. They also advertised, to be sold immediately afterwards for cash, wines, brandies, liquors, tobacco, &c. They were sending off such a quantity of goods immediately before, as to induce a customer of a neighboring store to ask if they were moving. Their misfortunes by the fires had hurt their credit.

By such circumstances, the defendants were induced to issue the writ of provisional seizure ; and we think they were excusable. We have no reason to believe they were actuated by malice, or believed their right to the provisional seizure unfounded.

The plaintiffs were moreover in fault for not having paid the two months rent then due, especially as, according to the testimony of their witnesses, they had ample means to do so. Being thus wilfully in fault themselves, they should not recover, without making out a strong case against the defendants.

They could have prevented all the damage of which they complain by paying the rent on the demand of the sheriff; and in fact no damage is proved: because, being in the act of selling their goods at auction for cash, the defendants took the auctioneer's obligation to pay them out of the proceeds of the sale, and permitted the auction to proceed.

It is impossible that a just claim thus quietly settled, caused the destruction of credit, the stoppage of consignments, the ruin of business, of which the plaintiffs complain. Besides, the arrangement carried out the honest intentions of the plaintiffs, for we are bound to suppose they were selling their goods to pay their rent; otherwise the fears of the landlords were well founded.

If the goods were sold at auction at a ruinous sacrifice, as alleged, it was a sacrifice the plaintiffs were voluntarily making, and of which they cannot therefore complain. On the contrary, this voluntary sacrifice was what, no doubt, excited the apprehensions of the defendants.

We concur entirely with the district court, that the plaintiffs have not shown by evidence any cause of action ; and the judgment is therefore affirmed, with costs.